**FILED**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| PAMELA ROSKOWSKI, | ) | No. 05-35737 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. CV-03-00474-AS/AJB |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| CORVALLIS POLICE OFFICERS' | ) | |
| ASSOCIATION, an Oregon | ) | |
| non-profit corporation; | ) | |
| INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS,) | | |
| Local 223, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted September 24, 2007
Portland, Oregon

Before:    FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Pamela Roskowski appeals the district court's grant of summary judgment to

Corvallis Police Officers' Association (CPOA) and the International Brotherhood

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**FILED**

NOT FOR PUBLICATION

OCT 10 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMELA ROSKOWSKI,      )

     )

     Plaintiff-Appellant,      )

     )

     v.      )

     )

CORVALLIS POLICE OFFICERS'      )

ASSOCIATION, an Oregon      )

non-profit corporation;      )

INTERNATIONAL      )

BROTHERHOOD OF TEAMSTERS,)

Local 223,      )

     )

     Defendants-Appellees.      )

—————————————————)

No. 05-35737

D.C. No. CV-03-00474-AS/AJB

**MEMORANDUM**[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted September 24, 2007
Portland, Oregon

Before:     FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Pamela Roskowski appeals the district court's grant of summary judgment to

Corvallis Police Officers' Association (CPOA) and the International Brotherhood

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of Teamsters, Local 223.  We affirm.

(1)     Roskowski, a former police chief of the City of Corvallis, Oregon, was a public figure.  Because of that, she cannot prevail on her claims of libel unless she can show by clear and convincing evidence that any false statements of fact[1] were made with actual malice.  See Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 509–11, 111 S. Ct. 2419, 2429–30 , 115 L. Ed. 2d 447 (1991); Harte-Hanks Comms., Inc. v. Connaughton, 491 U.S. 657, 686–88, 109 S. Ct. 2678, 2695–96, 105 L. Ed. 2d 562 (1989); New York Times Co. v. Sullivan, 376 U.S. 254, 279–80, 84 S. Ct. 710, 726, 11 L. Ed. 2d 686 (1964); Dodds, 145 F.3d at 1059–60; Rattray v. City of Nat'l City, 36 F.3d 1480, 1486–87 (9th Cir. 1994); McNabb v. Oregonian Publ'g Co., 685 P.2d 458, 460–61 (Or. Ct. App. 1984).  We agree with the district court that, on this record, she has not submitted sufficient evidence to sustain that burden.  Thus, summary judgment was appropriate.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254–56, 106 S. Ct. 2505, 2513–14, 91 L. Ed. 2d 202 (1986).

(2)     The failure of Roskowski to submit sufficient evidence of actual

---

[1]Mere statements of opinion, no matter how vituperative, are not actionable. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 20–21, 110 S. Ct. 2695, 2706–07, 111 L. Ed. 2d 1 (1990); Dodds v. Am. Broad. Co., 145 F.3d 1053, 1068 (9th Cir. 1998); Haas v. Painter, 662 P.2d 768, 770 (Or. Ct. App. 1983).

malice also sinks her false light claim.  See Dean v. Guard Publ'g Co., Inc., 699

P.2d 1158, 1159–60 (Or. Ct. App. 1985); McNabb, 685 P.2d at 462.

      (3)    To the extent that Roskowski relies on statements posted on CPOA's

interactive computer site and has not shown that CPOA made those postings itself,

she cannot hold CPOA liable for the content of the postings.  See 47 U.S.C. § 230;

Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1122–23 (9th Cir. 2003);

Batzel v. Smith, 333 F.3d 1018, 1030–31 (9th Cir. 2003); cf. Fair Housing Council

v. Roommates.com, LLC, 489 F.3d 921, 925 (9th Cir. 2007).

      (4)    Roskowski did not submit evidence that would sustain a

determination that the statements by CPOA went beyond any reasonable limit of

social toleration to support her claim of intentional infliction of emotional distress.

See McGanty v. Staudenraus, 901 P.2d 841, 849 (Or. 1995); Watte v. Maeyens,

828 P.2d 479, 481 (Or. Ct. App. 1992); Christofferson v. Church of Scientology,

644 P.2d 577, 584 (Or. Ct. App. 1982); see also Volm v. Legacy Health Sys., Inc.,

237 F. Supp. 2d 1166, 1179–80 (D. Or. 2002).  Especially is that true where, as

here, no special relationship or particularly vulnerable victim is involved.

      AFFIRMED.

A TRUE COPY  11/30/07
ATTEST

CATHY CATTERSON
Clerk of Court

by:_____
    Deputy Clerk

This certification does constitute the
mandate of the court.

3